OPINION
PAT SEKAQUAPTEWA, Justice.
This matter comes before the Hopi Appellate Court on Appellant Lugredita Ash-ike’s Notice of Appeal in which she appeals the Hopi Trial Court order dated September 10, 2010. That order granted Appellee Rita Chase’s Motion to Defer to Navajo Court and dismissed Appellant’s Petition for Adjudication of Intestacy in the Hopi Trial Court.
Statement of Relevant Facts and Procedural History
Decedent Violet Ashike was a member of the Navajo Nation who lived on the Hopi Reservation lands known as the Hopi Partitioned Lands (HPL) until her death on April 2, 2009. Decedent died intestate leaving her estate which consisted of two houses and a Grazing Permit on Range Unit 262. All such property is located *11 within the Hopi Tribe’s jurisdiction in the HPL. Decedent was a member of the Navajo Tribe and is survived by her seven children, including the Appellant and Ap-pellee, who are also members of the Navajo Tribe.
On January 4, 2010, Appellee petitioned to probate Decedent’s estate in the Navajo Nation Family Court, Judicial District of Tuba City.
On March 10, 2010, the Appellant filed a Petition for Adjudication of Intestacy in the Hopi Tribal Court.
On June 23, 2010, Appellee filed a Motion to Defer to Navajo Court.
On July 8, 2010, Appellant filed a Response to the Motion to Defer to Navajo Court. Appellant argued that: the Hopi Court had jurisdiction per Hopi Ordinance 21 § 1.1.1; the Hopi Court should not defer jurisdiction to the Navajo Court until it determined clearly that the Navajo Court had such jurisdiction; the Accommodation Agreement did not grant the Navajo Court exclusive jurisdiction over succession matters, among other arguments.
On July 21, 2010, Appellee filed a Reply to Response to Motion to Defer to Navajo Court.
On August 4, 2010, the Trial Court heard Appellee’s Motion to Defer to Navajo Court.
On September 8, 2010, the Hopi Trial Court determined that it did not have subject matter or personal jurisdiction and dismissed the petition: “The court finds this cause of action involves a probate matter in which the decedent was a member of the Navajo Indian Tribe. Her heirs are members of the Navajo Indian Tribe. It is not disputed that the issues involved herein are Navajo related. The court also finds that Public Law 93-531, as amended—Accommodation Agreement of 1992 provides in pertinent part that probate matters are entirely Navajo related and are subject to the jurisdiction of the Navajo Tribe. Public Law 93-531, as amended, Subsection G.2. Jurisdiction.The court concludes that the Hopi Tribal Court does not have subject matter and personal jurisdiction over this cause of action. The cause of action is dismissed.” Order pp. 1-2.
On September 23, 2010, Appellant filed a Notice of Appeal of the September 8, 2010 Order of Dismissal.
On February 8, 2011, the Navajo Nation Family Court dismissed Appellee’s petition to probate Decedent’s estate for lack of subject matter jurisdiction. The Navajo Court found that it lacked jurisdiction since none of Decedent’s property was located within the territorial jurisdiction of the Navajo Nation or the Tuba City Family Court.
On November 10, 2011, the Hopi Tribe, through its counsel, with an interest in protecting its jurisdiction and the jurisdiction of its courts, submitted a brief as amicus curiae in support of Appellant’s appeal in this case.
Issues Presented
(1) Whether the Hopi Tribal Courts have subject matter jurisdiction over probate cases involving Navajo residents on the Hopi Partitioned Lands?
(2) Whether the Hopi Tribal Courts properly transferred the probate matter concerning Navajo residents on the Hopi Partitioned Lands to the Navajo Nation Courts in this case?
Discussion
I. The Hopi Tribal Courts Have Subject Matter Jurisdiction Over Probate Cases Involving Navajo Residents on the Hopi Partitioned Lands.
Article I of the Hopi Constitution grants the Hopi Tribe jurisdiction over “such land *12 as shall be determined by the Hopi Tribal Council in agreement with the United States Government and the Navajo Tribe, and such lands as may be added thereto in Mure.” Hopi Const. Art. I. In addition, Hopi Ordinance 21 § 1.7.1 further specifies that the Hopi Trial Court “shall have original jurisdiction of all causes of action arising on the Hopi Reservation wherein the defendants to the action are Indians as defined in 8.1.l(k) thereof.” The Ordinance defines “Indian” as “any person who is an enrolled member of any Federally recognized tribe or who has Indian blood and is regarded as an Indian by the society of Indians among whom he lives.” Hopi Ord. 21 § 3.1-Kk).[1]
The Hopi Tribal Courts have jurisdiction over this probate dispute. The Hopi Tribal Courts also have probate jurisdiction in the absence of a probate ordinance. See In re Komaquaptewa, 4 Am. Tribal Law 432 (Hopi 2002). The Hopi Partitioned Lands are a part of the Hopi Reservation. Despite being a member of the Navajo Tribe, Decedent voluntarily remained on Hopi land by choosing to stay and live on the HPL. Though occupied by Navajo persons (including decedent) under the Accommodation Agreement through leasehold agreements, the property in question is nevertheless on Hopi land. See Order dated Sep. 10, 2010. See also the Navajo and Hopi Indian Land Settlement Act of 1974, Pub.L. No. 96-531, 88 Stat. 1712 (codified as amended at 25 U.S.C. § 640d et seq. (1994) (“1974 Settlement Act”); Sekaquaptewa v. MacDonald, 626 F.2d 113 (9th Cir.1980) (allocating approximately 900,000 acres known as the Hopi Partitioned Lands to the Hopi Tribe).
The Navajo Nation has declared that its courts lack jurisdiction over this probate dispute. The Navajo Tribal Council has bestowed subject matter jurisdiction on the Navajo Nation Family Court over probate matters, but only if such matters involve property “found within the territorial jurisdiction of the Court.” See Navajo Nation Code Title 8, § 1. Since the estate is located within the HPL, the property is not found within the territorial jurisdiction of the Navajo Nation Family Court.
Decedent and all parties in this case properly qualify as an “Indian” as defined in Hopi Ordinance 21 § 3.1.l(k) due to their membership in the Navajo Tribe.
II. The Hopi Tribe and Tribal Courts have Subject Matter Jurisdiction over this Matter so there is no need to “Transfer” the Matter to the Navajo Nation Courts
Appellant’s second issue on appeal is that the Hopi Tribe did not properly and effectively transfer its jurisdiction over probate matters concerning Navajo residents of the HPL to the Navajo Nation Courts. Because we find that the Hopi Tribal Courts have subject matter jurisdiction over this probate matter, we do not address this issue.
Conclusion
The Hopi Tribal Court has subject matter jurisdiction to hear the case as per *13 Article I of the Hopi Constitution and Hopi Tribal Ordinance 21 § 1.7.1.
Order
The Hopi Trial Court’s order finding that the Hopi Tribal Courts lack subject matter jurisdiction to hear this case and its order dismissing the case are reversed and remanded for further proceedings on the merits.

. We note that even in the case of non-Indian defendants, the Ninth Circuit has recently held that a tribe has regulatory and adjudicatory jurisdiction flowing from the tribe's inherent authority to exclude and manage its own lands. Citing the longstanding rule that Indian tribes possess inherent sovereign powers, including the power to exclude unless Congress clearly and unambiguously says otherwise, the 9th Circuit found that a tribe’s power to exclude nonmembers from its land necessarily includes the incidental power to regulate because the tribe should be able to set conditions on nonmembers’ entry. Water Wheel Camp Recreational Area, Inc. v. LaRance, 642 F.3d 802, at 808, 811-12, 814, 816 (9th Cir.2011).